BARTON ) 
v. ) CHANCERY.
McKINNEY, & OTHERS )

WHITE, J., delivered the following statement of the case, and opinion of the court:—

James McKinney conveyed to John McKinney, the defendant, one hundred acres of land. John McKinney

contracted to sell this land to one Porter, at the price of five hundred dollars, of which sum, three hundred dollars were paid, and a bond executed for the balance. Some short time after this, John McKinney executed to Porter a deed of conveyance, attested by one witness only, and the deed never was proved or registered. Porter left it in possession of some of his relations, and shortly after left the country, to which he has not returned, and was then insolvent:

Some of Porters' creditors, took out an attachment against him, after he left the country, and levied it upon this land, by virtue of which the land was sold by the sheriff, and Banton, the complainant, became the purchaser, and obtained a deed from the sheriff.

The person in whose hand Porter left the deed, returned it to John McKinney.

The complainant prays that the deed from John McKinney to Porter may be delivered up to him in order that he may have it proved and registered, or, that the title to the land may be decreed to him.

John McKinney, in his answer, insists that this ought not to be done until the $200 are paid to him which is due from Porter, together with the interest, and he offers to make a deed of conveyance so soon as this payment shall be made.

Upon these facts, several questions have been made.— 1. Whether prior to the registration of the deed to Porter, he had any except an equitable title to the land? 2. —Whether an equitable title to land can be sold by an execution at law? 3.—Whether John McKinney has a lien upon this land for the residue of the purchase money unpaid? 4.—And whether the sale of the sheriff to Barton defeated that lien?

*(1)* Some of these questions, the court consider are unnecessary to be decided. It is, however believed, that if a judgment is recovered against a person who has a conveyance for land executed agreeably to the forms of our law, such land may be levied upon and sold by a *fiere facias,* although the conveyance is neither proved nor registered; because, if the conveyance is afterwards proved and registered is legal title will be considered in the bargainor from the time the deed was executed.

*(2)* It is further believed that if land thus circumstanced is levied on or sold, the purchaser can compel a delivery of the unregistered deed in order that it may be proved and registered, provided the bargainor has received his consideration money.

No point necessary to be decided in this cause, creates a duty on the part of the court to give an opinion upon the second proposition.

*(3)* As to the third point, we are of opinion that for the two hundred dollars which is due and unpaid to John McKinney, he had as against Porter, a lien upon this land, and that the mere circumstance of having a bond for the amount upon Porter, without any security, will not prevent the lien from attaching. It seems to us very equitable that, as between the vendor and vendee, the vendor who has no other security and must otherwise lose his debt, should have a lien upon the land itself, that he may out of that fund raise the purchase money still due.

*(4)* As to the fourth question raised, no great diffi-culty presents itself. Barton purchased at the sale by the sheriff; he, therefore, purchased nothing but such title as Porter had subject to every equity in the hands of Porter—and this too, whether Barton knew of such

73

equity or not. In this respect, there is a difference between Bartons' case and that of a purchaser at a private sale for a valuable consideration without notice: *(5)* A purchaser at a sheriff's sale is like one who acquires a title under the bankrupt laws of England, and the maxim, *coveat emptor,* applies. Barton, stand in the shoes of Porter, affected in this court, by every circumstance that would affect Porter. Therefore, he cannot obtain the decree he wishes, because John McKinney has the prior equity—his equity commenced when he sold to Porter—Barton's, when he purchased at the sheriffs sale; and the rule is, that *qua prior est in tempore potior est in jure.* John McKinney has law as well as equity, on his side, and Barton has equity only, and in such cases, *(6)* the rule is universal, that equity alone shall not prevail against both law and equity. The complainant is so circumstanced that he is compelled to come into this court, and he must be subject to the maxim, that he who asks equity must himself do equity. Let him pay John McKinney the two hundred dollars due from Porter, with interest from the time it became due, and the costs of this suit; and then he can have a decree for the land.

TRIMBLE, for the complainant,

GRUNDY, HAYWOOD and COOKE, for the defendants.